**MEMO ENDORSED**

# LEVI & KORSINSKY, L.L.P.
39 BROADWAY, SUITE 1601
NEW YORK, NEW YORK 10006

TEL: (212) 363-7500
FAX: (212) 363-7171
www.zlk.com

EDUARD KORSINSKY
ek@zlk.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

RECEIVED
CHAMBERS OF
COLLEEN McMAHON

April 9, 2008

**VIA FACSIMILE**
**and FIRST CLASS MAIL**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

The Honorable Miriam G. Cedarbaum
United States District Judge
Southern District of New York
500 Pearl Street, Room 1330
New York, NY 10007
(only via First Class Mail)

The Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, NY 10007

*[Handwritten annotation: 4/10/08 As Paul Weiss is represent[ing] Citibank, this matter will have to be reassigned in any event. (signed) Colleen McMahon 4/10/08]*

Re: *Finn v. Smith Barney, et al.*, 08-cv-2975 (LTS)
    *LHB Insurance Brokerage, Inc. v. Citigroup, Inc. et al.* 08-cv-3095
    *Swanson v. Citigroup, Inc., et al.*, 08-cv-3139

Dear Judges McMahon, Cedarbaum and Swain:

We represent plaintiff LHB Insurance Brokerage Inc. in the first-filed class action complaint currently pending before Judge McMahon. We are responding to the letter dated April 4, 2008 submitted by Citigroup Inc. and its subsidiaries (collectively "Citigroup") requesting that the *LHB Insurance* and *Swanson* actions be related to the *Finn* action currently pending before Judge Swain pursuant to Rule 15 of the Rules for the Division of Business Among District Judges. For the reasons stated below, we respectfully request that the *LHB Insurance* and *Swanson* class actions be permitted to proceed before Judge McMahon independent of the *Finn* action.

The *Finn* action is an individual action filed by Mr. John Finn asserting claims against Citigroup in connection with his investment in Auction Rate Securities ("ARS"). For example, Mr. Finn alleges that Citigroup mismanaged the investment of $675,116.25 representing the proceeds of the sale of his home in Williamsburg, NY. *See Finn* Complaint, attached to Citigroup's letter, ¶ 23. Mr. Finn alleges that he was "unsophisticated in...matters relating to investments in the stock markets" and relied on Citigroup to recommend "super safe" investments suitable for his retirement goals. *See Id.* ¶¶ 20, 23. Mr. Finn goes on to allege that his broker at Citigroup failed to explain "how to properly read and interpret statements" sent to

April 9, 2008

Page 2 of 2

him by Citigroup, purchased securities for Mr. Finn's account that were unsuitable for his investment objectives and made purchases that were "excessive in size given the risk." *See Id.* ¶¶ 30-31. Mr. Finn further alleges that his broker told him he was purchasing municipal bonds when in fact the broker purchased ARS instead. *See Id.* ¶¶ 23, 24. Mr. Finn's complaint asserts distinctly individual claims against his broker relating to investment suitability. In contrast, the *LHB Insurance* and *Swanson* actions are both class action lawsuits alleging that Citibank engaged in a broad-based deceptive marketing campaign with respect to ARS. Accordingly, coordinating the *LHB Insurance* and *Swanson* class actions with the Mr. Finn's individual case will not promote judicial economy.

Furthermore, the class actions should not be related to the *Finn* action because Mr. Finn's action appears to be subject to arbitration and therefore is unlikely to remain in this Court[1]. Indeed, in footnote 1 of its letter, Citigroup reserves its rights to compel arbitration of the *Finn* action. Given that virtually all brokerage agreements compel customers to redress their claims in arbitration, we do not see how the *Finn* action could survive a motion to compel arbitration. Moreover, even if the *Finn* action were to survive such a motion, it would likely proceed on a separate litigation track to deal with the individual issues raised by Mr. Finn that have no relevance to the *LHB Insurance* and *Swanson* actions.

For these reasons, we respectfully request that the *LHB Insurance* and *Swanson* cases be related and these actions be assigned to Judge McMahon for coordinated proceedings.

Sincerely,

Levi & Korsinsky, LLP

By: _____
Eduard Korsinsky

cc:   Clerk of Court, Southern District of New York (via hand delivery)
      Brad S. Karp, Counsel for Defendant Citigroup, Inc. (via facsimile 212-757-3900)
      Ravi Ivan Sharma, Counsel for Plaintiff Finn (via facsimile 212-202-4598)
      Christopher A. Seeger, Counsel for Plaintiff Swanson (via facsimile 212-981-9266)
      Norman E. Siegel, Counsel for Plaintiff Swanson (via facsimile 816-714-7101)

---

[1] Financial Industry Regulatory Authority, Inc.'s Uniform Code of Arbitration, §10301(d), states that a claim submitted as a class action shall not be eligible for arbitration. Therefore the *LHB Insurance* and *Swanson* cases are not subject to arbitration and were properly filed in this Court.